UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE UNITED STATES OF AMERICA
for the use of MATHUSEK INCORPORATED,

                    Plaintiff,        **VERIFIED ANSWER**
                                               **AND AFFIRMATIVE**
   -against-                             **DEFENSES**

J. KOKOLAKIS CONTRACTING, INC.,        Civil Action #05CIV9097
SEABOARD SURETY COMPANY AND
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

                    Defendants.
------------------------------------------------------------X

        Defendants by their attorneys John Ray and Associates hereby answer the complaint as follows:

        1.     Denies knowledge and information sufficient to form a belief as to allegations in Plaintiff's paragraphs 1, 2, 3, 18, 21, and 32.

        2.     Admits allegations in Plaintiff's paragraphs 4, 5.

        3.     Admits allegations in Plaintiff's paragraph 6, except denies knowledge information sufficient to form a belief as to the "administration" of the contract by the U.S. Army Corps Of Engineers otherwise admits that the U.S. Army Corps of Engineers had responsibilities as to the said contract.

        4.     Denies knowledge and information sufficient to form a belief as to allegations in Plaintiff's paragraph 7, except admits that Kokolakis has possession of a copy of the contract.

        5.     Denies knowledge and information sufficient to form a belief as to allegations in Plaintiff's paragraph 8, except admits that a bond was issued, denies that a copy of the said bond was attached as Exhibit A to Defendants' copy of the complaint.

6.  Denies knowledge and information sufficient to form a belief as to allegations in Plaintiff's paragraph 9, except admits that said contract was awarded to Kokolakis.

7.  Admits allegations in Plaintiff's paragraph 10, except denies that a copy of the subcontract was attached to Defendants' copy of the complaint.

8.  Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 11, except admits that Mathusek installed sports flooring.

9.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 12, except admits that Kokolakis requested that Mathusek was requested to pay an additional charge.

10.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 13, except admits that Mathusek agreed to perform certain work for additional sums of money.

11.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 14, except denies that a copy of such documents were attached to Defendants' copy of the complaint.

12.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 15, except admits that Mathusek performed certain work.

13.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 16, except admits that Mathusek was a subcontractor of Kokolakis.

14.  Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 17, except denies that the sum mentioned is the correct sum due.

15. Denies knowledge and information sufficient to form a belief as to the allegations in Plaintiff's paragraph 19, except admits that Mathusek made a demand for money, and Defendants did not pay what had been demanded.

16. Repeats answers as to allegations in Plaintiff's paragraphs 20, 23, 25, 28, 31.

17. Denies allegations in Plaintiff's paragraphs 22, 24, 26, 29, 34.

18. Denies allegations in Plaintiff's paragraphs 27, 30, 33, except admits that a payment was demanded and not made.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Plaintiff performed work beyond the scope of the contract, thus Plaintiff's damages should be reduced or mitigated by the value of such excess work performed.

### AS AND FOR A SECOND AFFIRMATION DEFENSE

20. Plaintiff's claim is barred by the statute of frauds.

### AS AND FOR A THIRD AFFIRMATION DEFENSE

21. Plaintiff did not comply with the specification of its contract, thus Plaintiff's damages should be reduced or mitigated by the value of work performed beyond the specifications.

### AS AND FOR A FOURTH AFFIRMATION DEFENSE

22. Plaintiff did not receive approval for work beyond the specs of Defendant's contract, thus Plaintiff's damages should be reduced or mitigated by the value of the work done beyond the specifications.

### AS AND FOR A FIFTH AFFIRMATION DEFENSE

23. Plaintiff did not use proper change orders or receive approval for same before commencing and/or completing extra work, thus Plaintiff's damages should be reduced or mitigated by the value of the work done beyond the specifications.

### AS AND FOR A SIXTH AFFIRMATION DEFENSE

24.  Defendant did not receive additional compensation from owner on Plaintiff's or Defendant's behalf, for Plaintiff's alleged extra work.  Defendant is therefore not liable to Plaintiff for such additional compensation for extra work.

### AS AND FOR A SEVENTH AFFIRMATION DEFENSE

25.  Plaintiff waived entitlement to additional compensation for additional work (see Article 14 of contract).

### AS AND FOR A EIGHTH AFFIRMATION DEFENSE

26.  Plaintiff waived claim for sums above the contract price by failing to provide notice of dispute or claim therefore, pursuant to Article 15 of contract.

WHEREFORE, Defendants pray that Plaintiff's complaint be dismissed, and for costs and disbursements and other proper relief.

Dated:  April 27, 2006
       Miller Place, New York

_____
JOHN RAY  (JR5938)
John Ray and Associates
Attorneys for Defendants
122 North Country Road
P O Box 5440
Miller Place, NY 11764
(631) 473-1000