TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | i |
| POINT I | 1 |
| <u>FEDERAL LAW EMBODIED IN 9 U.S.C.§4 EXPRESSLY AUTHORIZES A UNTED STATES DISTRICT COURT TO ORDER PARTIES TO ARBITRATE A DISPUTE WHENEVER A WRITTEN AGREEMENT PROVIDES FOR THE DETERMINATION OF SUCH DISPUTE BY MEANS OF ARBITRATION</u> | |
| POINT II | 2 |
| <u>THE AGREEMENT TO ARBITRATE DISPUTES BETWEEN THE PARTIES FALLS WITHIN THE PROVISION OF 9U.S.C. §4</u> | |
| CONCLUSION | 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE UNITED STATES OF AMERICA
for the use of MATHUSEK INCORPORATED,

                      Plaintiff,

   -against-

J. KOKOLAKIS CONTRACTING, INC.,        **Civil Action #05CIV9097**
SEABOARD SURETY COMPANY AND
ST. PAUL FIRE & MARINE                        JUDGE WILLIAM C. CONNER
INSURANCE COMPANY,

                      Defendants.
------------------------------------------------------------X

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
PURSUANT TO 9 U.S.C.§ 4


                                                 Respectfully submitted,


                                                 _____
                                                 John Ray, Esq.


To:    Nicolette & Perkins
         Attorneys for the Plaintiff
         3 University Plaza – 5th Floor
         Hackensack, NJ 07601

**PRELIMINARY STATEMENT**

Plaintiff commenced an action to recover monetary damages arising from its installation of a sports flooring at the United States Military Academy at West Point, New York.

The parties entered into a written agreement whereby J. Kokolakis Contracting, Inc. as contractor engaged the services of Mathusek, Incorporated as subcontractor.

Article 15 of the written agreement of the parties is entitled "Disputes" and reads in relevant part as follows:

> "To the extent not resolved under the immediately preceding paragraph, any dispute between contractor and subcontractor shall, at contractor's sole option, be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. If contractor elects to arbitrate, then the arbitration shall be conducted in Suffolk County, New York. The foregoing agreement to arbitrate shall be specifically enforceable in any court of competent jurisdiction."

POINT I

**FEDERAL LAW EMBODIED IN 9 U.S.C §4 EXPRESSLY AUTHORIZES
A UNITED STATES DISTRICT COURT TO ORDER PARTIES TO ARBITRATE
A DISPUTE WHENEVER A WRITTEN AGREEMENT PROVIDES FOR THE
DETERMINATION OF SUCH DISPUTE BY MEANS OF ARBITRATION**

The policy of Title 9 of the United States Code entitled "Arbitration" is to promote arbitration to carry out the intention of the parties and to reduce court congestion whenever the parties have chosen to resolve their disputes by means of arbitration. *Necchi S. p. A v. Necchi Mach Sales Corp.* CA2 (NY) 1965, 348 F. 2d 693, certiorari denied 86 S. CT. 892; *World Brilliance Corp. v. Bethlehem Steel Co.* C.A.2 1965, 342 F. 2d 362.

The policy promoting the forum of arbitration is to be liberally construed, *World Brilliance Corp. v. Bethlehem Steel Co., ibid,* with any ambiguity in the arbitration provision of the written agreement resolved in favor of implementing such arbitration provision, *Webb v. Investacorp, Inc.* C.A. 5 (TEX) 1996 89 F. 3d 252, *rehearing denied*.

The federal statute is clear. It expressly provides that a party aggrieved by the alleged failure, neglect or refusal of another party to arbitrate under a written agreement whenever the Court has jurisdiction of the controversy between the parties, may petition a United States District Court for an Order "directing that such arbitration proceed in the manner provided for in such agreement."

The statute further provides for summary disposition of the application to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue".

## POINT II

### <u>THE AGREEMENT TO ARBITRATE DISPUTES BETWEEN THE PARTIES FALLS WITHIN THE PROVISION OF 9 U.S.C. §4</u>

Jurisdiction of the underlying action is grounded upon Title 40 of the United States Code §§3131 to 3133, known as the Miller Act.

Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §1331 as an action arising under the laws of the United States.

The subject matter of the dispute involves construction at the United States Military Academy, West Point, New York.

The written subcontract agreement between J. Kokolakis Contracting, Inc. and the subcontractor Mathusek Sports Floors expressly provides in Article 15 that:

> "…..Any dispute between Contractor and Subcontractor shall, at Contractor's sole option, be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. If Contractor elects to arbitrate, then the arbitration shall be conducted in Suffolk County, New York. The foregoing agreement to arbitrate shall be specifically enforceable in <u>any</u> court of competent jurisdiction."

The foregoing provision to arbitrate is clear, and exclusive to be implemented at the sole option of the contractor. It is unambiguous and covers <u>any dispute.</u> Furthermore, Plaintiff has refused to comply with the demand to arbitrate the dispute.

-3-

## **CONCLUSION**

Pursuant to the express authority of 9 U.S.C. § 4, the court must make an order summarily directing the parties herein to proceed with arbitration in accordance with the terms of their written agreement.

Dated: September 20, 2006
       Miller Place, New York

                               Respectfully submitted,

                               _____
                               John Ray, Esq. (JR 5938)