UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE UNITED STATES OF AMERICA
for the use of MATHUSEK INCORPORATED,                    DEFENDANTS' REPLY

                    Plaintiff,                    CIVIL ACTION NO. 05CV9097

        -against-

J. KOKOLAKIS CONTRACTING, INC.,
SEABOARD SURETY COMPANY AND
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

                Defendants.
----------------------------------------------------------X

        John Ray, an attorney admitted to practice law before the Courts of the Southern

District of New York, under the penalties of perjury, affirms the following statements to be true:

        1.      Plaintiff's attorney's arguments in opposition to Defendants' motion to

compel arbitration, depend upon a jaded, erroneous premise:  that a December 2, 2004 letter of

Defendant Kokolakis' project manager to Plaintiff's manager regarding the work performed by

Plaintiff, constitutes a new, discrete contract, unconnected to the actual subcontract between

Plaintiff and Kokolakis.

        2.      But a reading of that December 2, 2004 letter itself refutes Plaintiff's

premise.  The letter "directs" Plaintiff "to proceed with corrective work as required." (See

Plaintiff's Exhibit C).  This letter directing remediation work is not a new contract.  Likewise, it

has none of the characteristics of a discrete, new contract.  Comparing this mere directive letter

to the actual contract between Plaintiff and Defendant Kokolakis, makes this point quite clear.

        3.      Indeed, the work allegedly performed by Plaintiff for "remediation" is

memorialized by Plaintiff in a series of "Change Orders" (see Plaintiff's Exhibit C).  "Change

orders" typically arise under original contracts, and constitute changes thereto, as the very term

describing them indicates; as opposed to invoices for work under a new contract, wherefore they would not be called "change orders."

4.     Thus, Defendants' argument that "any dispute" need be resolved by arbitration pursuant to Article 15 "Disputes" of the original contract between Plaintiff and Defendant Kokolakis, ought to prevail, I respectfully submit.

5.     Plaintiff's attempt to distinguish Defendants' answering paragraphs in Defendants' pleading likewise depends upon a plainly erroneous reading of the Defendants' directive letter to remediate, and of the Defendants' pleading themselves.

6.     The Defendants' request for relief should be granted.

I declare under penalties of perjury that the forgoing is true and correct.

Dated:  October 23, 2006
          Miller Place, New York


_____

JOHN RAY  (JR5938)